FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 05, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:19-CR-6018-EFS |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR DISCLOSURE AND FOR PROTECTIVE ORDER** |
| ROBERTO FLORES (01); MICHELE MAGANA (02); JOSUE MEDINA-PEREZ (03); FRANCISCO DELGADO(04); and ALFREDO ARCE-CAZARES (05), | |
| Defendants. | |

Before the Court is the Government's Motion to Disclose Pre-Indictment Pleadings for Discovery but not Unsealing and for Protective Order. ECF No. 137. The Government acknowledges the disclosure of documents relating to this matter is important to complete the Government's obligation for discovery, however, the Government contends that these documents should remain sealed in order to protect the related ongoing investigations and alleviate safety concerns as to cooperating witnesses and undercover agents. ECF No. 137. The Government also requests that the Court prevent the Defendants from possessing or distributing copies of these

Order— Page **1** of 3

documents. *Id.* Defendants Roberto Flores, Michele Magana, Josue Medina-Perez, Francisco Delgado, and Alfredo Arce-Cazares have no objections. ECF No. 137.

The Court grants the Government's motion. The Government is permitted to disclose related Pre-Indictment Pleadings that are all currently sealed by the Court (hereinafter "Protective Discovery") to counsel for the above referenced Defendants' pursuant to its discovery obligations: such applications, orders, and warrants shall otherwise remain sealed by the Court. The parties may seek relief from this Order for good cause shown.

**IT IS HEREBY ORDERED:**

1. The Government's Motion to Disclose Pre-Indictment Pleadings for Discovery But Not Unsealing and for Protective Order, **ECF No. 137,** is **GRANTED.**

2. The Government's Motion to Expedite Hearing, **ECF No. 138,** is **GRANTED.**

3. The Government will provide discovery materials (including Protective Discovery) on an on-going basis to defense counsel;

4. Defense counsel may possess but not copy (excluding the production of necessary working copies) the discovery materials, including sealed documents;

5. Defense counsel may show to, and discuss with the Defendants the discovery material, including sealed documents;

6. Defense counsel shall not provide original or copies of discovery materials directly to the Defendants;

7. Defense counsel shall not otherwise provide originals or copies of the discovery material to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of defense counsel or investigator and/or expert engaged by defense counsel, who will also be bound by the terms and conditions of the protective order;

8. The Government and defense counsel may reference the existence and content of sealed discovery material in open and closed court proceedings relevant to this cause. Any reference to the content of the Protected Discovery shall be filed under seal, until further order of the Court.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 5th day of August 2019.

s/Edward F. Shea

EDWARD F. SHEA
Senior United States District Judge