UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    v.<br><br>ROBERTO FLORES,<br><br>             Defendant. | No.   4:19-CR-6018-EFS-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY ORDER SETTING CONDITIONS OF PRETRIAL RELEASE** |

        On August 12, 2019, the Court conducted a detention-review hearing in accordance with 18 U.S.C. § 3145. Assistant United States Attorney Stephanie Van Marter represented the Government. Defendant Roberto Flores, who has been charged with Possession with the Intent to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi), was present along with his defense counsel Steve Hormel and Karla Kane Hudson.

        Defendant has been detained pretrial pending his ability to satisfy the pretrial conditions of release. The conditions required Defendant to execute a $200,000 percentage bond with 10% down with the remainder of the bond secured by the

equity in Defendant's brother's home.[1] ECF No. 71. Defendant requests that his conditions of release be modified to permit him to post a cash bond of no more than $40,000, including the $10,000 currently posted with the Court. ECF No. 123.

Defendant is alleged to have been involved with an organization that distributed Fentanyl-laced pills—allegations that carry with them a sentence of ten years or more and thus a presumption of detention under 18 U.S.C. § 3142(e). In light of the seriousness of the alleged offenses and Defendant's strong ties to Mexico, the Court is concerned about Defendant's flight risk. After considering the evidence presented, counsels' arguments, the testimony of U.S. Probation Officer Michelle Ries, and the relevant legal authority, the Court grants Defendant's request to modify the conditions of release to include a cash bond, in lieu of a bond secured by equity in his brother's home. However, the Court requires Defendant post a $60,000 cash bond. Therefore, in addition to the $10,000 that was previously posted with the Court, ECF No. 71, Defendant must post an additional $50,000 to satisfy the case bond. This cash-bond condition, combined with the other standard and special conditions of release listed below, are designed to reasonably assure Defendant's appearance as required and the safety of any other person and the community under 18 U.S.C. 3142(e). *See* 18 U.S.C. § 3142(g).

//

---

[1] The Court's May 9, 2019 Order sets forth additional procedural history as to Defendant's conditions of release. ECF No. 71.

**IT IS HEREBY ORDERED:**

**1.** Defendant's Motion to Modify Order Setting Conditions of Pretrial Release, **ECF No. 123,** is **GRANTED.**

**2. The Clerk's Office** shall **STRIKE** the conditions of release entered at ECF No. 71.

**3. The Court imposes the following conditions of release:**

**CONDITIONS OF RELEASE**

**1.** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising U.S. Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the U.S. government or any federal or state law enforcement agency unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**2.** Defendant shall immediately advise the Court and the U.S. Attorney in writing before any change in address. Defendant shall not change his residence without prior approval of the U.S. Probation/Pretrial Services Office.

**3.** Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

**4.** Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

**5.** Defendant shall not possess a firearm, destructive device, or any dangerous weapons.

**6.** Defendant shall report to the U.S. Probation/Pretrial Services Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**7.** Defendant shall contact defense counsel at least once a week.

**8.** Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition that has been shipped or transported in interstate or foreign commerce.

**9.** Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**10.** Defendant shall surrender any passport to U.S. Probation/Pretrial Services Office and shall not apply for a new passport.

### SPECIAL CONDITIONS OF RELEASE

**1.** Defendant shall remain in the Eastern District of Washington or the Central District of California unless given permission otherwise by the U.S. Probation/Pretrial Services Office.

**2.** Defendant shall post a $50,000 cash bond, in additional to the $10,000 previously posted (for a total of $60,000 posted).

**3.** Defendant shall reside with his brother in California at the address approved by the U.S. Probation/Pretrial Services Office. Defendant shall not change his residence without prior approval of the U.S. Probation/Pretrial Services Office.

**4.** Defendant shall maintain employment, or, if unemployed, actively seek employment.

**5.** Defendant shall participate in a program of GPS location monitoring. Defendant shall wear at all times, a GPS device under the supervision of U.S. Probation/Pretrial Services Office.

**6.** Upon release from Benton County Jail (with a GPS device installed on Defendant's person), Defendant is allowed up to 4 days to travel from the Eastern District of Washington to his approved residence in Santa Paula, California.[2] There shall be no deviation from the direct route of travel to the approved residence. Within 1 hour of arriving at the approved residence, Defendant shall contact the U.S. Probation Office at 255 East Temple Street, Room 1447, Los Angeles, California; 213-894-0026 (Officer Ries); and 213-894-4726 (main office).

---

[2] Defendant may travel on a commercial airplane with the GPS location monitoring device, so long as he receives a travel permit from the Eastern District of Washington Probation Office prior thereto. This travel permit must be shown to airport security in order for Defendant to get through security at the airport and board the flight.

**7.** Defendant shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. Defendant shall contribute to the cost of treatment according to his ability to pay. Defendant shall allow full reciprocal disclosure between the supervising officer and treatment provider.

**8.** Defendant shall submit to random urinalysis testing as directed by the U.S. Probation/Pretrial Services Office.

**9.** Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

**10.** Defendant shall avoid all contact, direct or indirect, with his codefendant in this matter and with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel, the U.S. Marshal's Service, and the U.S. Probation Office.

**DATED** this  14th  day of August 2019.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge